IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| VINCENT ZAHORIK | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-13-248 |
| | § | |
| TRACY TROTT, ET AL. | § | |

**OPINION AND ORDER**

Before the Court, with the consent of the Parties, is the "Defendants' Motion to Dismiss, or in the Alternative, Motion for Change of Venue" of Defendants, Colonel Tracy Trott, Captain Victor Donoho, Captain Mark Sanford, Lieutenant Dan Moore, Lieutenant Mike Hamilton, Sergeant Ron Meyer, Trooper Bradley Aktinson, Henderson County Circuit Court Clerk Beverly Dunaway, Assistant District Attorney for the 26th Judicial District of Tennessee Angela Scott, and District Attorney General for the 26th Judicial District of Tennessee James G. Woodall (collectively "Tennessee Defendants"); the Motion seeks the dismissal of all claims of Plaintiff, Vincent Zahorik, asserted against these Defendants for lack of personal jurisdiction. The Motion has been fully briefed and is ripe for a decision. Therefore, after consideration of the Parties' submissions and the applicable law, the Court issues this Opinion and Order.

The basis of the Tennessee Defendants' Motion to Dismiss is that this Court lacks personal jurisdiction over them because they lack the minimum contacts with Texas to support either general or specific jurisdiction. For the Court to exercise general jurisdiction a defendant must have continuous and systematic contacts with the forum state sufficient to raise

a reasonable expectation of possibly being sued there.  Specific jurisdiction exists when a defendant purposefully directs his activities toward the forum state and the plaintiff's claim arises out of or is related to that conduct.  See Freudensprung v. Offshore Technical Services, Inc., 379 F.3d 327, 343 (5th Cir. 2004)

General jurisdiction does not exist here.  Not a single Tennessee Defendant is alleged to have the continuous or systematic contacts with Texas to support general jurisdiction here.

To support the potential for the exercise of specific jurisdiction over one or more of the Tennessee Defendants, Zahorik argues that he "rightly filed this action against perpetrators, residents of both Tennessee and Texas who conspired to unlawfully access and then cover-up unlawful action related to the illegal access of Plaintiff's **confidential information protected under Section 619 of the Federal Fair Credit Reporting Act (15 U.S.C. § 1681(q),** *where it is a federal criminal offense* **to obtain a person's credit report by false pretense**." (emphasis in original)    If Zahorik's conspiracy allegations were true, any Tennessee Defendant who purposefully directed actions toward Texas in furtherance of the joint Tennessee/Texas conspiracy to prosecute Zahorik in Texas could arguably have sufficient contacts to establish personal jurisdiction here.  But Zahorik's conviction for making a false report to a police officer related to his complaint that the Tennessee Defendants committed identity theft by illegally accessing his credit report, implicitly negates the existence of any actionable conspiracy to support Zahorik's claim of identity theft.  See Heck v. Humphrey, 512 U.S. 477 (1994)    In Heck, the Supreme Court held that where success in a § 1983 damages action would implicitly question the validity of a plaintiff's conviction, the plaintiff

must first have his conviction invalidated.  Zahorik's conviction has not been invalidated; therefore, in the absence of an actionable conspiracy, the contacts of any Tennessee Defendant with the Galveston police and prosecutors in furtherance of Zahorik's prosecution are immaterial for jurisdictional purposes.  Consequently, this Court may not exercise specific jurisdiction over any Tennessee Defendant.

For the foregoing reasons, it is **ORDERED** that the Motion to Dismiss (Instrument no. 42) of the Tennessee Defendants is **GRANTED** and that all claims asserted against them by Plaintiff, Vincent Zahorik, are **DISMISSED**.

As a result, the Tennessee Defendants' alternative Motion to Transfer this case to the Western District of Tennessee is **DENIED as moot**.

**DONE** at Galveston, Texas, this ____15th____ day of April, 2014.

John R. Froeschner
United States Magistrate Judge