IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| VINCENT ZAHORIK | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-13-248 |
| | § | |
| TRACY TROTT, ET AL. | § | |

**OPINION AND ORDER**

Before the Court, with the consent of the Parties, is the "Motion to Dismiss" of Defendants, Jeremy Kylen, Mark Pilsner, Gilbert Gomez, Henry Porretto and the City of Galveston, Texas; the Motion seeks the dismissal of all claims alleged against these Defendants by Plaintiff, Vincent Zahorik. The Motion has been adequately briefed and is ripe for disposition. Having now considered the Parties' submissions and the applicable law the Court issues this Opinion and Order.

Zahorik filed this civil rights complaint on July 10, 2013, against, *inter alios*, these Defendants. Zahorik has alleged numerous violations of his constitutional rights, including a conspiracy to commit them by all of the named Defendants.

All of Zahorik's claims are based on his belief that his "federally protected credit report was unlawfully accessed by Defendants in an attempt to vindictively prosecute Plaintiff for filing bona-fide complaints with both the FBI as well as collaborating with reporters in exposing corruption by law enforcement personnel" during, what has now allegedly become, an inter-state conspiracy to have Zahorik "arrested to prevent available redress in federal

proceedings." Unfortunately, for Zahorik, after he filed a report with Officer Brandon Kiamar of the Galveston Police Department stating that someone with the Tennessee Highway Patrol illegally accessed his credit report, an investigation was conducted. That investigation determined that Zahorik's statement was false and resulted in a criminal proceeding being brought against Zahorik for making a false report to a peace officer, pursuant to Texas Penal Code § 37.08. After filing the instant civil rights action, Zahorik was tried in the state court criminal case. On August 21, 2013, a jury found beyond a reasonable doubt that Zahorik had committed the offense and the jury returned a verdict of "Guilty of False Report to Police Officer" as charged in the Information. Judgment was entered against Zahorik on August 22, 2013. To date, Zahorik's conviction has not been vacated.

These Defendants, in their Motion, argue, *inter alia*, that Zahorik's claims are barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), and this Court agrees. In Heck, the Supreme Court held that where success in a § 1983 damages action would implicitly question the validity of a Plaintiff's conviction, the Plaintiff must first have his conviction invalidated. Zahorik attempts to evade the Heck bar with two arguments. First, he argues that Heck only applies to malicious prosecution claims. This argument is without merit. See e.g., Sappington v. Bartle, 195 F.3d 234 (5th Cir. 1999) (applying Heck bar to a § 1983 use of force claim.); Randell v. Johnson, 227 F.3d 300 (5th Cir. 2000) (applying Heck bar to a claim of unconstitutional confinement.); Wells v. Bonner, 45 F.3d

90 (5th Cir. 1995) (applying Heck bar to a false arrest claim.)   In fact, the Fifth Circuit has even held that the Heck bar applies in a case, like this one, where the Plaintiff claims the Defendants conspired to convict him.  Arvie v. Broussard, 42 F.3d 249 (5th Cir. 1994)   In that case, Arvie, following his conviction for bank robbery, filed a *pro se* § 1983 complaint alleging, albeit inartfully, a claim that two detectives of the Abbeville Police Department conspired to have him misidentified as one of the robbers of a jewelry store by displaying an overly suggestive photographic line-up to witnesses who were at the scene.  Arvie's civil case was dismissed, appealed and remanded for factual findings by the district court.  The findings were made by the district court and sent to the Court of Appeals; however, in the meantime, Heck was decided.  As a result, the Fifth Circuit held that the findings were moot because Arvie's conspiracy claim was now "not cognizable unless the conviction has been invalidated."  Id. 250.

Second, Zahorik asserts that because his civil action was pending before he was convicted, Heck does not apply.  This argument is not persuasive.  In Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995), the Fifth Circuit, in *dictum*, explained that in a proper case, the district court may "stay proceedings in a section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two."[1]  Zahorik's criminal case has now been decided by his

---

[1] This Court notes in passing, that during a hearing on Zahorik's Application to Proceed In Forma Pauperis, on August 14, 2013, it cautioned him that his conviction could jeopardize this case under Heck.

3

conviction and it is clear that the finding by the jury that his alleged identity theft claim was false beyond a reasonable doubt would be called into question if Zahorik were now allowed to attempt to prove the truth of his accusation by a preponderance of the evidence in this case.  Consequently, Zahorik's intervening conviction made the Heck bar applicable to his civil case.

For the foregoing reasons, it is **ORDERED** that "Defendants', Kylen, Pilsner, Gomez, Porretto and City Motion to Dismiss" (Instrument no. 51) is **GRANTED** and all claims asserted by Zahorik against these Defendants are **DISMISSED** with prejudice to being reasserted until the Heck conditions are met.  Cf.  Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996)

**DONE** at Galveston, Texas, this ___15th___ day of April, 2014.

_____
John R. Froeschner
United States Magistrate Judge