United States District Court
Southern District of Texas
**ENTERED**
November 20, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| VINCENT ZAHORIK | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-13-248 |
| | § | |
| TRACY TROTT, ET AL. | § | |

## OPINION AND ORDER

On September 9, 2015, Plaintiff, Vincent Zahorik, filed a Motion to Reopen this action following his acquittal in the case that imposed a <u>Heck v. Humphrey</u> bar. The Tennessee Defendants oppose the Motion insofar as it applies to Zazhorik's claims asserted against them. Having reviewed the Parties' submissions, the Court issues this brief Opinion and Order.

In an Opinion and Order dated April 15, 2014, this Court granted the Tennessee Defendants' Motion to Dismiss for lack of personal jurisdiction. The Court's dismissal was not based on the <u>Heck</u> bar, but on the lack of personal jurisdiction over the Tennessee Defendants. Right or wrong, that dismissal became final after not being timely appealed.

Admittedly, in its Opinion and Order the Court noted that the only claim potentially assertable against any Tennessee Defendants in the Galveston Division was Zahorik's conspiracy claim. Zahorik alleged that "residents of both Tennessee and Texas . . . conspired to unlawfully access and then cover up unlawful action" related to his federally protected confidential information. That claim was, at the time of the Opinion and Order,

barred by Heck. The Heck bar has now been removed, but the evidence which led to the reversal of Zahorik's conviction[1] precludes the assertion of any cognizable conspiracy claim. During his trial testimony, the relevant Tennessee Defendant, Captain Donoho, admitted the credit report was determined to have been obtained improperly after the completion of an internal investigation. The Galveston criminal complaint against Zahorik was filed on February 2, 2012, and the investigation sustaining Zahorik's grievance was completed in Tennessee on March 14, 2012. As a result, there could not have been a conspiracy to file a false complaint and there was certainly no cover-up of the improper credit check as alleged by Zahorik.

All of the other acts alleged against the Tennessee Defendants occurred in Tennessee; there were no contacts with Texas to support personal jurisdiction.

It is, therefore, **ORDERED** that Zahorik's Motion to Reopen (Instrument no. 113) his case against the Tennessee Defendants is **DENIED**.

**DONE** at Galveston, Texas, this ____20th____ day of November, 2015.

_____
John R. Froeschner
United States Magistrate Judge

---

[1] The relevant evidence, contained in the opinion of the Texas appellate court, was submitted by Zahorik as an exhibit to the instant motion.