United States District Court
Southern District of Texas
**ENTERED**
May 05, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| VINCENT ZAHORIK | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. G-13-248 |
| | § | |
| TRACY TROTT, et al., | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Before the Court, with the consent of the Parties, is the "Motion to Dismiss" of Defendants Jeremy Kylen, Mark Pilsner, Gilbert Gomez, Henry Porretto and the City of Galveston, Texas. (Dkt. No. 51). In the Motion, Defendants seek the dismissal of all claims alleged against them by Plaintiff. Defendants' Motion, having been adequately briefed, is ripe for consideration. Having now considered the Parties' submissions and the applicable law the Court issues this Opinion and Order.

## I. BACKGROUND

Plaintiff Vincent Zahorik (Zahorik) filed this civil rights complaint on July 10, 2013, against, *inter alios*, these Defendants. Zahorik has alleged numerous violations of his constitutional rights, including a conspiracy to commit them by all of the named Defendants, along with state law claims. Zahorik's claims are all based on his belief that his "federally protected credit report was unlawfully accessed by Defendants in an attempt to vindictively prosecute him for filing bona-fide complaints with the FBI as well as collaborating with reporters in exposing corruption by law enforcement personnel" during, what has now allegedly become, an inter-state

conspiracy to have Zahorik "arrested to prevent available redress in federal proceedings." (Dkt. No. 1).

Unfortunately, for Zahorik, after he filed a report with Officer Kylen of the Galveston Police Department (GPD) claiming he was the victim of Identity Theft and did not know who was responsible, an investigation was conducted by GPD. GPD's investigation determined that Zahorik's statement to its officer was false because, at the time Zahorik made the report, he knew that he was not the victim of Identity Theft. As a result, GPD brought a criminal charge against Zahorik for making a false report to a peace officer, pursuant to Texas Penal Code §37.08. Zahorik was then tried in state court[1] and, on August 21, 2013, a jury found beyond a reasonable doubt that Zahorik had committed the office and returned a verdict of "Guilty of False Report to a Police Officer" as charged in the Information. The state court entered judgment against Zahorik on August 22, 2013.

Following Zahorik's conviction in state court, this Court dismissed the instant civil rights action and entered a final judgment as to the Tennessee Defendants based on lack of jurisdiction. In terms of the Texas Defendants,[2] the Court dismissed Zahorik's claims against them with prejudice to being reasserted until the *Heck* conditions were met. On September 9, 2015, nearly two years after a jury found him guilty, Zahorik was successful in overturning his state court conviction and, thereafter, he moved this Court to re-open his civil rights action. (Dkt. No. 113). The Court granted Zahorik's motion to re-open as to the Texas Defendants and returned the Complaint to the active docket. (Dkt. No. 124). With the case re-opened, the "Defendants'

[1] The state court criminal action occurred subsequent to the filing of the instant civil rights action.

[2] Defendant Galveston County, Texas was voluntarily dismissed shortly after the case was filed.

Kylen, Pilsner, Gomez, Porretto and City Motion to Dismiss" (Dkt. No. 51), to which Zahorik filed a response (Dkt. No. 62), is ripe for adjudication.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007); *see also*, *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). A court should not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina*, 495 F.3d at 205 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, (2007)). However, this requires more from a plaintiff than pleadings consisting only of "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Twombly*, 550 U.S. at 550 (explaining that "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" ). Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks, citations, and footnote omitted). In other words, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1950. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task" which "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1949. "Where the well-pleaded facts do not

permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950.

## III. DISCUSSION

### A. The *Heck* Bar

Defendants argue that Zahorik's claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). Since Zahorik's conviction has been set-aside (Dkt. No. 62 at 5), this argument must now be **REJECTED**.

### B. Claims Brought Under Federal Law

Zahorik asserts a number of different causes of action against Defendants based on federal law. Defendants maintain, for various reasons, that each of Zahorik's federal claims must be dismissed. The Court will address each claim in turn.

#### 1. Federal Fair Credit Reporting Act

In his fourth claim for relief, Zahorik purports to broadly allege that Defendants violated "Section 619 of the Federal Fair Credit Reporting Act [FCRA] (15 U.S.C. §1681(q))."[3] (Dkt. No. 1 at 44). Based on Zahorik's pleadings and the many exhibits attached thereto, there are no factual allegations that any of the Texas Defendants accessed his credit report in violation of the statute. Accordingly, to the extent asserted against these Defendants, this claim is **DISMISSED**.

#### 2. Claims Brought Under 42 U.S.C. §1985

Zahorik alleges that Defendants engaged in a conspiracy under §1985 to deprive him of his rights. Although §1985 provides a cause of action for several types of conspiracies under

---

[3] The relevant portion of the FCRA provides that"[a]ny person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under title 18, United States Code, imprisoned for not more than two years, or both"

subsections one through three, Zahorik does not expressly cite to the portion or portions of the statute upon which he relies. 42 U.S.C. § 1985.[4]

Defendants, interpreting Zahorik's claims under subsection 3, argue that dismissal is warranted because Zahorik fails to allege facts showing a conspiracy to either deprive a class of persons of equal protection of the law or class-based invidious discriminatory animus. Insofar as Zahorik could be heard to allege that Defendants conspired to violate his rights under 42 U.S.C. § 1985(3), the Court would agree that dismissal was warranted. To state a cognizable claim under § 1985(3), a plaintiff must allege that "(1) the defendants conspired (2) for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and (3) one or more of the conspirators committed some act in furtherance of the conspiracy, whereby (4) another person is injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States, and (5) the action of the conspirators is motivated by a racial animus." *Wong v. Stripling*, 881 F.2d 200, 202–03 (5th Cir.1989); *see also*, *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 (5th Cir.2001). In the present case, Zahorik's complaint against these Defendants is entirely devoid of any factual allegations from which one could conclude that either any race-based conspiracy or any class-based invidious discriminatory animus existed. *See Wong*, 881 F.2d at 202-203. (a plaintiff asserting a § 1985 claim must plead the operative facts upon which his claim is based); *Holdines v. Stroud*, 808 F.2d 417, 424 (5th Cir.1987) (a plaintiff must plead this claim with some specificity and conclusory or bald allegations are inadequate).

---

[4] The Court pauses to note that having reviewed the allegations in his Complaint, it is evident that Zahorik does not state a claim under subsection one because there are no allegations in the Complaint that Defendants' actions included a conspiracy to prevent, by force, intimidation or threat any person from accepting or holding office or to injure a federal officer's person or property. 42 U.S.C. § 1985(1).

However, in his response to Defendants' Motion to Dismiss Zahorik explains that he brought his §1985 conspiracy claim under subsection 2. (Dkt. No. 62 at 8-9). Subsection 2 contains two parts. 42 U.S.C. § 1985(2). The first part "proscribes conspiracies that interfere with the administration of justice in federal court, and the second part proscribes conspiracies that interfere with the administration of justice in state court." *Daigle v. Gulf State Utilities Co., Local Union No. 2286*, 794 F.2d 974, 979-980 (5th Cir. 1986). Zahorik fails to state a plausible claim under either part of subsection 2. Initially, while the first part of §1985(2) does not require race or class-based animus (*Kush v. Rutledge*, 460 U.S. 719, 727 (1983)), it does require that there has been an interference with the federal court system. *Seeley v. Brotherhood of Painters, Decorators & Paper Hangers of America*, 308 F.2d 52, 58 (5th Cir.1962); *see, Kush v. Rutledge*, 460 U.S. 719 (1983). Zahorik's pleadings contain no factual allegations which would bring his contentions within the confines of the first part of §1985(2). Turning to the second part, the Fifth Circuit has directed that the race or class-based animus requirement of §1985(3) also applies to claims under the second part of §1985(2). *Kimble v. D.J. McDuffy, Inc.*, 648 F.2d 340, 346 (5th Cir. 1981). As discussed, Zahorik's pleadings fail to allege any facts to satisfy these requirements, as such, he has failed to state a claim under the second part of §1985(2). Zahorik's §1985 claim, therefore, should be **DISMISSED**.

**3. Claims Brought Under 42 U.S.C. §1986**

Zahorik also purports to bring a claim against these Defendants under §1986. *See* Dkt. No. 1 at 45. A necessary requisite for bringing a claim under §1986 is an underlying §1985 claim. *Irwin v. Veterans Administration*, 874 F.2d 1092, 1095 (5th Cir.), *aff'd*, 498 U.S. 89 (1991) (§1985 conspiracy forms an integral part of a §1986 claim). Because no plausible claim exists under §1985, this claim must also be **DISMISSED**.

**4. Claims Brought Under 42 U.S.C. §1983**

Zahroik brings claims under §1983 against these Defendants in both their individual and official capacities asserting his constitutional rights were violated. Defendants move for dismissal of all his §1983 claims. To establish liability under § 1983, a civil rights plaintiff must establish two elements: (1) state action, *i.e.*, that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, *i.e.*, that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *see also, Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir.2002) (In short, "[s]ection 1983 provides a claim against anyone who, 'under color of' state law, deprives another of his or her constitutional rights.") (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir.1994)).

**a. Claims Against Individually-Named Defendants**

**i. Official Capacity Claims**

Zahorik brings suit against the individually-named Texas Defendants in both their individual and their official capacity. It is well established that a lawsuit against a government official in his official capacity is not a lawsuit against the individual but, rather, is a suit against the official's office and is no different than a suit against the governmental unit which employs the official. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Wil v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Because the City is already a defendant in this case, any suit against the Defendants in their official capacity is duplicative and warrants **DISMISSAL**.

**ii. Qualified Immunity**

Although a §1983 claimant may not maintain an action against a state official in his official

capacity, he may bring a cause of action against a state official acting in his capacity as an individual. *See Harrison v. Texas Dept. of Criminal Justice–Institutional Div.*, 915 S.W.2d 882, 889 (Tex.App.-Houston [1st Dist.] 1995, no pet.). When a § 1983 claim is alleged against a defendant in his individual capacity, as is the case here, it is subject to the affirmative defense of qualified immunity. Under the doctrine of qualified immunity, an official sued in his individual capacity is protected not only from liability, but also from having to stand trial. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Spann v. Rainey*, 987 F.2d 1110, 1114 (5th Cir.1993).

In determining whether a defendant is entitled to qualified immunity, the courts have historically engaged in a two-pronged analysis. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Under *Saucier*, a court would first have to determine whether a "constitutional right would have been violated on the facts alleged ." *Flores v. City of Palacios*, 381 F.3d 391, 395 (5th Cir.2004). If a constitutional right were violated, a court would then have to move on to determine whether "the defendant's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* The law may be deemed to be clearly established if a reasonable official would understand that his conduct violates the asserted right. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). However, the Supreme Court recently receded from the *Saucier* by instructing courts "to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223 (2009).

**b. First Amendment**

Zahorik also brings a First Amendment retaliation claim against Defendants. He contends that these Defendants retaliated against him in an attempt to discredit his credibility because he was

engaged in speech concerning a matter of public policy and public interest.[5] (Dkt. No. 1 at 41). The Texas Defendants move to dismiss Zahorik's First Amendment claim.

The First Amendment prohibits not only direct limits on individual speech but also adverse governmental action against an individual in retaliation for the exercise of protected speech activities." *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir.2002). To establish a First Amendment retaliation claim, a plaintiff must show that: (1) he was engaged in constitutionally protected activity; (2) the defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendant's adverse actions were substantially motivated by the constitutionally protected conduct. *Id.* Here, even assuming that Zahorik could establish a First Amendment claim, the individually-named Texas Defendants assert that they are entitled to the protections of qualified immunity. The Court agrees. The many exhibits submitted by Zahorik with his Complaint, support that probable cause existed, or a reasonable police officer could have believed that probable cause existed, to charge Zahorik with filing a false report to a police officer (*i.e.*, that he was the subject of Identity Theft and he didn't know by whom) and obtain a warrant for his arrest. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993) (qualified immunity applies to public officials only if their conduct did not violate clearly established law of which the reasonable person would be aware); *Keenan*, 290 F.3d at 261-62 (applying the test for qualified immunity, the Fifth Circuit has explained that "[i]f probable cause existed ... or if reasonable police officers could believe probable cause existed, they are exonerated"); *see also*, *Mozzochi v. Borden*, 959 F.2d 1174, 1180 (2d Cir.1992) ("An individual does not have a right under the First Amendment to be free from a criminal prosecution

[5] Zahorik claims he worked with investigative reporters to expose the police corruption and official oppression that he had personally witnessed. (Dkt. No. 1 at 41).

supported by probable cause that is in reality an unsuccessful attempt to deter or silence criticism of the government"). Defendants' Motion to Dismiss Zahorik's First Amendment claim is, therefore, **GRANTED**.

**c. Fourth Amendment**

Zahorik alleges that his Fourth Amendment rights were violated when he was falsely arrested and detained. (Dkt. No. 1 at 42). Defendants maintain that Zahorik has failed to state Fourth Amendment claim against them and, in the alternative, Defendants assert that they are entitled to the protections of qualified immunity. (Dkt. No. 51 at 6).

The Fourth Amendment bestows the constitutional right upon a person to be free from unreasonable seizures of both his person and effects. *Terry v. Ohio*, 392 U.S. 1, 9, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). To establish a violation of his Fourth Amendment right to be free from an unreasonable seizure of his person, Zahorik "must show that [these Defendants] lacked probable cause." *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir.2009); *see also Rhodes v. Prince*, 360 Fed.Appx. 555, 558 (5th Cir.2010) ("To prevail on his Fourth Amendment false arrest claim, [plaintiff] must sufficiently allege (1) that he was arrested, and (2) the arrest did not have the requisite probable cause.") (citing *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655–56 (5th Cir.2004)). Additionally, "[a]s applied to the qualified immunity inquiry, [Zahorik] must show that [Defendants] could not have reasonably believed that they had probable cause to arrest [Zahorik] for any crime." *O'Dwyer v. Nelson*, 310 Fed.Appx. 741, 745 (5th Cir.2009) (citing *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004)).

A review of the allegations in Zahorik's complaint, along with the many exhibits attached thereto, shows that probable cause existed to charge Zahorik with committing the offense of making a false report to a police officer – namely, that Zahorik was the victim of Identity Theft.

Dkt. No. 1, Exs. J, X; *see Resendiz v. Miller*, 203 F.3d 902, 903 (5th Cir.2000) ("[p]robable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense"). In particular, Zahorik alleges that he had filed complaints with several governmental agencies about representatives of the THP obtaining his credit report and that he knew that his "credit report was accessed by [a THP] investigator, per the ADA's [Assistant District Attorney] request, as opposed to thinking a rouge agent was accessing this information...." and he knew this *before* he filed his fraudulent report to the GPD. (Dkt. No. 1, Exs. B, C, F, G, H, J, P, U). Thus, "a fair probability existed that [Zahorik] filed a false report with the Galveston Police Department." (Dkt. No. 51 at 6, Exs. J, X). *See U.S. v. Antone*, 753 F.2d 1301, 1304 (5th Cir. 1985) ("[t]he probable cause issue must be analyzed under the 'totality of the circumstances' as to whether there is a 'fair probability' that a crime is occurring'"); *U.S. v. Garcia*, 179 F.3d 265, 269 (5th Cir. 1999) ("fair probability does not mean that a reasonable officer would have thought it more likely than not that the defendant committed a felony; rather, it is something more than bare suspicion, yet it need not reach the fifty percent mark). Moreover, based on the circumstances – as set forth in the Complaint and the attached exhibits – the GPD officers are entitled to the protections of qualified immunity because they could have reasonably believed that they had probable cause to charge and arrest Zahorik. (Dkt. No. 1, Exs. X, Y, Z, AA, BB). *O'Dwyer v. Nelson*, 310 Fed.Appx. 741, 745 (5th Cir.2009). Defendants' Motion to Dismiss Zahorik's Fourth Amendment claim is, therefore, **GRANTED**.

**d. Fourteenth Amendment & Malicious Prosecution Claims**

Zahorik asserts that Defendants violated his Fourteenth Amendment when he was falsely arrested for exercising (or asserting) his right to privacy. (Dkt. No. 1 at 42). Zahorik also brings

a claim against Defendants for malicious prosecution. (Dkt. No. 1 at 43, 46). Defendants move for the dismissal of these claims on the basis of the decisions in *Albright v. Oliver*, 510 U.S. 266, 272 (1994)[6] and *Castellano v. Fragozo*, 352 F.3d 939, 942, 953 (5th Cir.2003).[7] (Dkt. No. 51 at 7). Because the post-*Albright* and *Castellano* decisions appear to qualify the holdings of these decisions (*see e.g.*, *Boyd v. Driver*, 579 F.3d 513 (5th Cir. 2009); *Caudra v. Houston Ind. Sch. Dist.*, 626 F.3d 808 (5th Cir.2010); *Cole v. Carson*, 802 F.3d 752, 765 (5th Cir. 2015)), the Court is of the opinion that further briefing is warranted before it can rule on Defendants' Motion with regard to these claims.

**5. Defendant City of Galveston**

Zahorik seeks to hold the City of Galveston, a governmental unit or municipality, responsible for the actions of various city employees allegedly violating his constitutional rights under the First, Fourth and Fourteenth Amendments under a municipal liability theory. Defendants move for dismissal of Zahorik's municipal liability claims against the City because he has failed to allege any facts which identify or describe a policy, custom or practice which caused Zahorik's alleged constitutional deprivations.

A §1983 action against a municipality must be based upon a violation of federally-protected rights through implementation or execution of a policy or custom adopted by that body's officers. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Krueger v. Reimer*, 66 F.3d 75, 76 (5th Cir.1995). In order to assert a claim for municipal liability under §1983, a

---

[6] The Court in *Albright* determined that a claim of a substantive due process violation is not a permissible means to seek relief for an allegation of unlawful detention.

[7] Defendants rely on this case for the proposition that simply causing charges to be filed, even absent probable cause, does not violate the Constitution.

plaintiff must establish proof of three elements: (1) a policymaker; (2) an official policy or custom; and (3) a violation of a constitutional right whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.2001).

Having reviewed the Complaint, the Court finds that Zahorik makes broad allegations against the City, but aside from his conclusory allegations, he does little to factually detail the policy or custom he claims is involved and how the particular injury was incurred because of the execution of that policy. *See Spiler v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir.1997) ("[t]he description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts."); *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir.1984) (reasoning that a §1983 plaintiff "must identify the policy, connect the policy to the [governmental entity] itself, and show that the particular injury was incurred because of the execution of that policy"). Furthermore, despite his contentions,[8] liability may not be imposed against a municipality based on theories of negligence or *respondeat superior*. *See Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir.2010) ("[i]t is well established that a city is not liable under §1983 on the theory of respondeat superior"); *Rhyne v. Henderson County*, 973 F.2d 386, 390–92 (5th Cir.1992) (municipalities cannot be liable for the constitutional torts of their employees based on theories of either respondeat superior or mere negligence or oversight).

Accordingly, following *Twombly* and *Iqbal*, Zahorik has the burden to allege facts that show entitlement to relief. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 213 (5th Cir.2009).

---

[8] The crux of Zahorik's claim is that the City employed Chief Porretto, a well-known violator or constitutional rights guaranteed by the U.S. Constitution," let him "reign as 'Top Cop,'" "failed to take precautions against future violations" and that this led to his injury. (Dkt. No. 62 at 13-14).

Well-pled facts that merely permit an inference of possible misconduct do not show entitlement to relief as required by Rule 8(a)(2). *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir.2009) (relying on *Iqbal*), *cert. denied*, 559 U.S. 936 (2010). Without enough facts to permit the inference of an official custom or policy that resulted in Zahorik's alleged injuries, his claims against the City necessarily fail. *See McClure v. Biesenbach*, 355 F. App'x 800, 803–04 (5th Cir.2009) (finding that a plaintiff must plead facts showing that a policy or custom existed to state a claim and affirming dismissal of municipal liability claims because the complaint alleged insufficient facts). Defendants' Motion to Dismiss Zahorik's municipal liability claims against the City is, therefore, **GRANTED**.

**C. State Law Claims**

**1. Claims Against the Individual Defendants**

Defendants seek dismissal of all Zahorik's state law claims against the Defendants in their individual capacities under the Texas Tort Claims Act ("TTCA") based on the election of remedies provision set forth in the Texas Civil Practices and Remedies Code. (Dkt. No. 51 at 11-12).

Texas law sets out a specific scheme for a plaintiff to pursue tort claims against the state and its employees under the Texas Tort Claims Act. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655–56 (Tex.2008). There is an "Election of Remedies" provision, under which the filing of a suit "against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." TEX. CIV. PRAC. & REM.CODE § 101.106(a); *see Rodriguez v. Christus Spohn Health Sys. Corp.*, 628 F.3d 731, 737–38 (5th Cir.2010). Thus, despite the apparent harshness of the application of this statute, especially in cases, like this one, brought by *pro se* litigants, Defendants are correct in their

position. *See Mission Consol.*, 253 S.W.3d at 658–59 (explaining that "under this chapter" has never been interpreted "to encompass tort claims for which the Tort Claims Act waives immunity" and "all tort theories alleged against a governmental unit ... are assumed to be 'under [the Tort Claims Act]'"); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 464 (5th Cir.2010) (acknowledging that under Texas law the election of remedies provision applied and required dismissal of all common law torts against the individual defendants). Thus, Defendant's Motion to Dismiss Zahorik's state law claims against these individual Defendants is **GRANTED**.

**2. Claims Against Defendant City of Galveston, Texas**

Defendants maintain that Zahorik's state law claims against the City must also be dismissed because they are barred by governmental immunity. (Dkt. No. 51 at 11-12). Under the doctrine of sovereign immunity, a governmental unit, such as the City of Galveston,[9] is not liable for the torts of its officers or agents in the absence of a constitutional or statutory provision creating such liability. *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex.1998); *State v. Terrell*, 588 S.W.2d 784, 785 (Tex.1979). While it is, of course, true that the TTCA contains exceptions to governmental immunity for certain damage claims arising from its governmental functions,[10] the waiver goes no further than what is expressly specified in the Act. TEX. CIV. PRAC. & REM.CODE §101.021.

---

[9] There is no question that the City of Galveston, Texas, is an entity to which the doctrine of governmental immunity is applicable. *See Gates v. City of Dallas*, 704 S.W.2d 737, 738–39 (Tex.1986) (a governmental function is one which is public in nature and performed by the municipality "as the agent of the State in furtherance of general law for the interest of the public at large."). In addition, police matters, including police protections and control, fall within a municipality's governmental function. *See* TEX. CIV. PRAC. & REM.CODE §101.0215(1).

[10] The TTCA creates a limited waiver of sovereign immunity. TEX. CIV. PRAC. & REM.CODE §101.021. In order for immunity to be waived under the TTCA, the claim must arise under one of three specific areas of liability for which immunity is waived. *Id.*; *Alvarado v. City of Brownsvile*, 865 S.W.2d 148, 155 (Tex.App.-Corpus Christi 1993), *rev'd on other grounds*, 897 S.W.2d 750 (Tex.1995).

Here, having considered the pleadings, the Court finds that Zahorik's allegations – most of which are for intentional torts – are clearly not the type of claims that involve a waiver of immunity under the TTCA. TEX. CIV. PRAC. & REM.CODE §101.057; *see generally, City of Waco v. Williams*, 209 S.W.3d 216, 222–23 (Tex.App.-Waco 2006, pet. denied) (finding that an allegation of excessive force equated to an intentional tort); *City of Garland v. Rivera*, 146 S.W.3d 334, 338 (Tex.App.-Dallas 2004, no pet.) (finding an plaintiff's excessive force claim was based on an intentional tort). Because the City is cloaked with governmental immunity, it is immune from all of Zahorik's state law claims and, as such, they must be dismissed based on lack of subject matter jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 637 (Tex.1997). While Zahorik attempts to argue that his claims against the City under state law are not barred and, in support, he relies on *City of Houston v. Owens*, 431 S.W.3d 146 (Tex.App. [14th Dist.] 2013), his reliance is clearly misplaced. Unlike the facts alleged in this case, in *Owens* the city did not have immunity because the case involved damages based on the negligent use or operation of a motor vehicle. *Id.*; *see also*, *Amadi v. City of Houston*, 369 S.W.3d 254 (Tex.App. [14th Dist.] 2011) (recognizing exception to rule where consent based on negligent operation of vehicle); *but see*, *Mission Consolidated Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653 (Tex. 2008) (recognizing that none of plaintiff's common law tort claims were subject to the waiver of governmental immunity enacted by the Legislature in the TTCA). The Court, therefore, concludes that Defendants' Motion to Dismiss the state law claims against the City must be **GRANTED**.

## CONCLUSION

Accordingly, for all the foregoing reasons, it is the **ORDER** of the Court that Defendants' Motion to Dismiss is **DENIED IN PART** as to the *Heck* bar and **GRANTED IN PART** as set forth above; and that the following claims are **DISMISSED**: (a) Plaintiff's claim under the Fair

Credit Reporting Act; (b) Plaintiff's claims under§1985 and §1986; (c) Plaintiff's §1983 claims against the individually-named Defendants (Kylen, Pilsner, Gomez and Porretto) in their official capacity; (d) Plaintiff's First and Fourth Amendment claims brought under §1983; (e) Plaintiff's municipal liability claim against the Defendant City; and (f) all Plaintiff's state law claims.

It is the further **ORDER** of this Court that Defendants provide additional briefing **within fourteen days (14) of the date this Order is entered** addressing Plaintiff's substantive due process and malicious prosecution claims. After Defendants file their additional briefing, Plaintiff will then have **ten (10) days** after its filing to respond; and, a reply by Defendants, if any, is then due **five (5) days** after Plaintiff's response, if any, is filed with the clerk.

**IT IS SO ORDERED.**

**DONE** at Galveston, Texas, this 5th day of May, 2016.

JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE