United States District Court
Southern District of Texas
**ENTERED**
June 27, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| VINCENT ZAHORIK | § | |
| Plaintiff, | § § § | |
| vs. | § § | CIVIL ACTION NO. G-13-248 |
| TRACY TROTT, et al., | § § § | |
| Defendants. | § | |

## OPINION AND ORDER

Before the Court, with the consent of the Parties, is Defendants Kylen, Pilsner, Gomez, and Porretto's Supplement to their Motion to Dismiss (Dkt. No. 134) to which Plaintiff Vincent Zahorik, despite having been given ample time, filed no response. Having considered the pleadings,[1] the Defendants' Motion to Dismiss, and the supplemental briefing, the Court now issues this Opinion and Order.

Plaintiff Vincent Zahorik (Zahorik) filed this civil rights complaint on July 10, 2013, against, *inter alios*, these Defendants. Zahorik alleged numerous violations of his constitutional rights, however, only his Fourteenth Amendment claims remain. (Dkt. No. 1 at 42, 43, 46). The Fourteenth Amendment provides that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. It is the constitutional provision that guarantees due process rights against state actors. *See Jones v. City of Jackson*, 203

---

[1] The Court may properly consider all the documents attached to pleading.

F.3d 875, 880 (5th Cir.2000) (citing *DeShaney v. Winnebago Co. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989)). "Prohibition against improper use of the 'formal [constraints] imposed by the criminal process' lies at the heart of the liberty interests protected by the Fourteenth Amendment due process clause." *Jones*, 203 F.3d at 880–81 (quoting *Board of Regents v. Roth*, 408 U.S. 564, 575 (1972)).

Defendants contend that Zahorik's Fourteenth Amendment claims are foreclosed by the decisions in *Albright v. Oliver*, 510 U.S. 266, 272 (1994) and *Castellano v. Fragozo*, 352 F.3d 939, 942, 953 (5th Cir.2003). (Dkt. Nos. 51, 134). The Court agrees. It is well-settled that there is no "substantive right under the Due Process Clause of the Fourteenth Amendment to be free from criminal prosecution except upon probable cause." *Albright v. Oliver*, 510 U.S. 266, 268 (1994). Although the holding in *Albright* is not without exception,[2] under Zahorik's version of the events, the exception simply has no application. On the contrary, while Zahorik might view the evidence differently, his pleadings are devoid of any allegations that Defendants fabricated or falsified any evidence used to secure his arrest and conviction. *See Webb v. Livingston*, 618 Fed.Appx. 201, 207 (5th Cir. 2015) (explaining that "[t]o overcome the [qualified] immunity defense, the complaint must allege facts that, if proven, would demonstrate that [defendants] violated clearly established statutory or constitutional rights"). Defendants' Motion to Dismiss Zahorik's Fourteenth Amendment claims is, therefore, **GRANTED**.

---

[2] Courts have determined that an exception exists when police officers intentionally manufacture or fabricate evidence to support a finding of probable cause and knowingly use that evidence along with perjured testimony to obtain a wrongful conviction of a criminal defendant. *See Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003); *Cuardra v. Houston Indep. Sch. Dist.*, 626 F.3d 808 (5th Cir. 2010); *Cole v. Carson*, 802 F.3d 752 (5th Cir. 2015).

## CONCLUSION

Accordingly, for all the foregoing reasons, it is the **ORDER** of the Court that Defendants' Supplement to their Motion to Dismiss regarding Plaintiff's Fourteenth Amendment claims is **GRANTED**; and that Plaintiff Vincent Zahorik's action is **DISMISSED**.

**IT IS SO ORDERED.**

**DONE** at Galveston, Texas, this ___27th___ day of June, 2016.

_____
JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE